MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7241
   Facsimile: (415) 436-7234
   owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> MICHAEL HOWARD VAWTER, ) <br> ) <br>    Defendant. ) <br> _____ ) | CR 10-0745 DLJ <br><br> **THE UNITED STATES' SENTENCING MEMORANDUM** |

## INTRODUCTION

The parties in this case have reached a plea agreement, under which the parties have agreed upon a sentencing guidelines calculation, a five-year term of supervised release, a $12,500 fine, and a $1,500 restitution payment. The Probation Department agrees with the guidelines calculation, the fine and restitution, but recommends a ten-year supervised release term. The United States asks the Court to adopt the parties' plea agreement, but not to vary downward by four offense levels as the defendant asks. The characteristics of the defendant, and the

USA'S SENTENCING MEMO
CR 10-0745 DLJ

circumstances of his offense, simply do not warrant such a large downward variance.

## ARGUMENT AND AUTHORITIES

### I. THE PARTIES' PLEA AGREEMENT

The parties' plea agreement in this case, negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(C), provides an agreed-upon sentencing guidelines offense level of 28, which at a Criminal History Category of I yields a sentencing guidelines range of 78-97 months. The United States agreed to recommend a low-end guidelines range sentence, and the United States does not dispute that defendant Vawter's Criminal History Category is I. The plea agreement also allows Vawter "to argue that the Court should vary downward from the Guidelines range by up to four offense levels, based on the sentencing factors set forth in 18 U.S.C. § 3553(a)." Plea Agreement at ¶7. A four-level downward variance in this case would result in a 51-month custody sentence.

Vawter asks the Court to vary downward by four offense levels based on the volunteer work he has done in the past, on his successful business career, and on his supposed response to therapy since his arrest. Vawter has sent numerous letters of support to the Court, and directs the Court to the report of Vawter's psychiatrist, Dr. Tucker, who diagnosed Vawter as a pedophile, and to the report of Vawter's psychologist, Dr. Vlinton, who "provisionally" also diagnosed Vawter as a pedophile.

### II. VAWTER DOES NOT DESERVE A FOUR-LEVEL DOWNWARD VARIANCE.

As Vawter notes in his sentencing memorandum, two of the primary sentencing factors set forth in 18 U.S.C. § 3553(a) are the characteristics of the defendant and the circumstances of the offense. While the United States does not dispute that Vawter has been active in his community and successful in his business, his statements to Probation and to this Court raise serious questions about whether he has accepted responsibility for his crime. The way Vawter explains it, he was lured into downloading pornography at work by his office IT manager, who supposedly set up Vawter's computer so that it would "automatically go to these [pornographic] search engines when [he] turned on the computer." PSR at ¶28. Vawter claims that while

surfing the internet for adult pornography, he periodically downloaded "what turned out to be child pornography." *Id*. Vawter does not acknowledge any sexual interest in child pornography, or admit that he actively sought out child pornography to slake that interest. Rather, the impression is of an inadvertent error motivated by compulsiveness, not pedophilia, and enabled by Vawter's IT manager.

The truth is at odds with this impression. Vawter's psychiatrist has diagnosed him as a pedophile. At the time of his arrest, Vawter had accumulated over 170 child pornography videos, including graphic depictions of adults raping prepubescent children. The titles of these videos leave no doubt as to their contents; he could not have downloaded them without realizing what he was getting. Vawter sought these videos out because of his own sexual interest in their contents, not because he was encouraged to do so by another employee of his company. Vawter's acts contributed to a market for videos and images depicting the graphic sexual abuse of young children, and repeated the trauma to the many young children who know that people all over the world like Vawter are enjoying watching them being raped or molested every day, and that there is nothing they can do about it.

By all accounts, Vawter is an intelligent, successful man who has led an advantaged life, with many relatives and friends who are willing to stand behind him. But as a leader, a scoutmaster, and most importantly as a father, Vawter should have known better. He has no excuse for what he has done except to blame others for enabling it. He sought therapy only after being caught. The Court has no reason to vary as far from the guidelines as Vawter asks.

## CONCLUSION

The United States respectfully asks the Court to sentence Vawter to a low-end guidelines sentence of 78 months in custody, followed by five years on supervised release with the conditions recommended by Probation.

1   The United States also asks the Court to impose a $12,500 find and $1,500 in restitution.

3   DATED: February 21, 2011        Respectfully submitted,

                                    MELINDA HAAG
                                    United States Attorney


                                    _____/s/_____
                                    OWEN P. MARTIKAN
                                    Assistant United States Attorney

USA'S SENTENCING MEMO
CR 10-0745 DLJ

4