AO 245B (Rev.  6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

**UNITED STATES OF AMERICA**
v.
MICHAEL HOWARD VAWTER

**JUDGMENT IN A CRIMINAL CASE**

USDC Case Number: CR-10-00745-001 DLJ
BOP Case Number: DCAN410CR000745-001
USM Number: 14984-111
Defendant's Attorney : William Gagen

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): 2 of the Indictment .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2252(a)(4)(B) | Possession of Child Pornography | 3/16/2010 | Two |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Count 1 of the Indictment is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

February 25, 2011
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable D. Lowell Jensen, U. S. District Judge
Name & Title of Judicial Officer

March 3, 2011
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case Sheet 2 - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HOWARD VAWTER | Judgment - Page 2 of 9 |
| CASE NUMBER: | CR-10-00745-001 DLJ | |

## IMPRISONMENT

**Count 2:**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  51 months .

[**x**]     The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be designated to:  1) Terminal Island ; or  2) Lompoc;  or  3) Taft

[**x**]     The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ]     The defendant shall surrender to the United States Marshal for this district.

[ ]  at ___ [] am [] pm on ___.
[ ] as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before  2:00 pm on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:        MICHAEL HOWARD VAWTER                                                          Judgment - Page 3 of 9
CASE NUMBER:      CR-10-00745-001 DLJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  5 years .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

 The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)
[**x**]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check if applicable.)
[**x**]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
[**x**]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the court or probation officer;
2)  The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HOWARD VAWTER | Judgment - Page 4 of 9 |
| CASE NUMBER: | CR-10-00745-001 DLJ | |

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall pay any restitution, fine and special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

2) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

3) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

4) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn residents that the premises may be subject to searches.

5) All computers, computer-related devices, including, but not limited to, personal computes, personal data assistants (PDAs), Internet applications, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair or otherwise modify the hardware or software on the computers, computer-related devices or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the Probation Officer

6) The defendant shall not possess or use a computer or computer-related devices, including, but not limited to, personal computers, personal data assistants(PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media access to any online service at any location(including his place of employment), without the prior approval of the Probation Officer. This includes access through any Internet Service provider, bulletin board system, or any public or private computer network system. The defendant shall not have any other individual access the Internet on his behalf to obtain files or information which he has been restricted from accessing himself, or accept restricted files or information from another person.

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | MICHAEL HOWARD VAWTER | Judgment - Page 5 of 9 |
| CASE NUMBER: | CR-10-00745-001 DLJ | |

## SPECIAL CONDITIONS OF SUPERVISION

7) The defendant shall maintain a daily log of all addresses he accesses via any personal computer, (or other computer used by him), computer-related devices, including, but not limited to, personal computers, personal data assistants(PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment other than for authorized employment, and make this log available to the probation officer.

8) The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within 5 days of release from imprisonment/placement on probation.

9) The defendant shall participate in a sex offender treatment program, as directed by the Probation Officer. The defendant shall abide by all rules, requirements, and conditions of such program, including, but not limited to, polygraph. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

10) As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment, as directed by the Probation Officer.

11) The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

12) The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).

13) The defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

14) The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services.

15) The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18.

16) The defendant shall not affiliate with, own, control, and/or be employed in any capacity by a business whose principal product is the production and/or selling of materials depicting and/or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

**SPECIAL CONDITIONS OF SUPERVISION**

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

DEFENDANT:         MICHAEL HOWARD VAWTER                                      Judgment - Page 6 of 9
CASE NUMBER:    CR-10-00745-001 DLJ

17) The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

18) The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

19) The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed.

20) The defendant shall use computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet service providers (ISPs), as approved by the Probation Officer. Computers and computer - related devices include, but are not limited to , personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access the Internet, electronic bulletin boards, and other computers, or similar media.

21) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

22) The Court imposes a fine of $12,500.00, which is due immediately. The Court orders restitution in the amount of $1,500.00 to National Center for Missing and Exploited Children in Alexandria, VA for the 15 victims listed in the probation report, $100.00 per victim.

23) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev.  12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | MICHAEL HOWARD VAWTER | Judgment - Page 7 of 9 |
|---|---|---|
| CASE NUMBER: | CR-10-00745-001 DLJ | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 12,500.00 | $ 1,500.00 |

[ ]  The determination of restitution is deferred until  _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[**x**]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| National Center for Missing and Exploited Children, 699 Prince St., Alexandria, VA 22314-3175 | | 1,500.00 | |
| Totals: | $ _ | $ 1,500.00 | |

[ ]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine  is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]  the interest requirement is waived for the     [ ] fine    [ ] restitution.

    [ ]  the interest requirement for the     [ ]  fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| DEFENDANT: | MICHAEL HOWARD VAWTER | Judgment - Page 8 of 9 |
|---|---|---|
| CASE NUMBER: | CR-10-00745-001 DLJ | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]   Lump sum payment of $ due immediately, balance due
       [ ]   not later than ____, or
       [ ]   in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B    [ ]   Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C    [ ]   Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]   Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]   Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [**x**]   Special instructions regarding the payment of criminal monetary penalties:

While incarcerated, payment of **criminal monetary penalties-special assessment** are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94012.

While incarcerated, payment of criminal monetary penalties- **fine** are due during imprisonment at rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, within 60 days of release from imprisonment, at a rate of $300 per month.

While incarcerated, payment of **restitution** is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Restitution payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, within 60 days of release from imprisonment, at a rate of $300 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:     MICHAEL HOWARD VAWTER | Judgment - Page 9 of 9 |
| CASE NUMBER:   CR-10-00745-001 DLJ | |

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

  Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.